No. 3362

Second Circuit

---

## TAUNTON v. REEVES

---

(December 19, 1928. Opinion and Decree.)

---

Edw. Everett, Jr., of Farmerville, and J. W. Elder, of Ruston, attorneys for plaintiff, appellant.

B. K. Watson, of Marion, and H. E. Dawkins, of Farmerville, attorneys for defendant, appellee.

WEBB, J. In this action, the plaintiff, Mrs. A. R. Taunton, sought to obtain judgment against the defendant, S. L. Reeves, for the sum of two hundred forty-seven & 68/100 dollars, with eight per cent per cent attorneys' fees, represented by one promissory note drawn by defendant on September 15, 1925, payable to her order, for the amount above, with interest, and

attorneys' fees as stated; and she appeals from a judgment rejecting her demands.

The defense interposed by defendant was that the note was without consideration in that it was a mere simulation. In support of which, the defendant testified that at the time the note sued upon was given, A. R. Taunton, husband of plaintiff, owed defendant $102.28, and, desiring to protect the indebtedness by a crop lien, and also to shield the crop against claims of other creditors, A. R. Taunton had given defendant a note for $350.00, secured by a lien on the crop, and, in order to protect A. R. Taunton against the difference between the amount actually due defendant and the amount of the note, defendant had given the note sued upon, with the understanding that when A. R. Taunton had paid the defendant the sum due and owing of $102.28, that the note of $350.00 would be surrendered to A. R. Taunton, and that he would surrender to defendant the note sued upon.

The defense is unusual, but it is supported by the testimony of the defendant, and, although it does not appear with certainty that Mrs. Taunton was a party to the transaction, she had knowledge of the plan, and, as neither A. R. Taunton, nor plaintiff, deemed it necessary to testify, we may accept the version of defendant as to the transaction, and, without regard to the suggestion as to whether or not the plan was or not legal, or what would have been the rights of the plaintiff if the consideration of the note had been an assumption of an indebtedness due by the husband to the wife in consideration of defendant's receiving security for a debt due him by the husband, the fact remains that, under the evidence, the note sued upon was given to offset the difference between the amount of the note given

to defendant by A. R. Taunton and the amount actually due, and with the understanding that it, the note sued upon, would be surrendered for the note given by A. R. Tauton after the payment of the amount actually due defendant, and, plaintiff having knowledge of the agreement, she should not be permitted to recover, the evidence showing that defendant had offered to comply with the agreement by surrendering the note of A. R. Taunton, on which he had not collected more than the amount actually due him.

The judgment appealed from is therefore affirmed.